UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13231 SUNDANCE LLC,<br><br>  Plaintiff,<br>vs.<br>CHRISTINE CRONIN,<br><br>  Defendant. | CASE NO. 11cv477-LAB (WVG)<br><br>**ORDER SANCTIONING SEAN M. PARK** |

13231 Sundance is the owner of a residential property at 7421 Draper Avenue in La Jolla, CA. Christine Cronin is a tenant. The previous owner of the property was Sean M. Park; he was, until he lost the property to 13231 Sundance in a trustee's sale, Cronin's landlord. The trustee's sale took place on January 12, 2011, and on February 10, 2011 13231 Sundance filed an unlawful detainer action against Cronin after she allegedly failed to pay rent she had promised to pay. On March 9, 2011, Park removed the action to this Court by presenting himself as an intervening party and signing Cronin's signature on the removal notice. Once this was brought to the Court's attention, it immediately ordered Park to appear on April 4, 2011 and show cause why he shouldn't be sanctioned for his conduct.[1]

---

[1] It also appears that Park's misconduct was not limited to the removal of this action. On July 10, 2010 he filed a civil lawsuit to thwart a looming foreclosure and trustee's sale of the property. *See Park v. U.S. Bank Nat'l Ass'n*, Case No. 10-CV-1546-WQH-WMC, Doc. No. 1. But as late as December 2010, when Park was certain to lose the property in a trustee's sale, he offered his tenants a six-month, prepaid lease agreement. (Park Aff. ¶ 8 ("On December 16, 2010, I essentially required all tenants who elected to remain in the

(Doc. No. 4.)

Park appeared on April 4, but without an attorney and without witnesses to testify in his defense.  Cronin was also unavailable on April 4 to testify on behalf of 13231 Sundance, so the Court continued the hearing to April 25, 2011.  The Court again encouraged Mr. Park to retain counsel when it continued the hearing, but when the time came he chose to represent himself, as was his right.

At the beginning of the April 25 hearing, the Court entertained two motions from Mr. Park.  First, he moved for recusal pursuant to 28 U.S.C. § 455(a).  The Court denied the motion. Under the statute, recusal is called for when a judge's impartiality "might reasonably be questioned."  *Id.*   The standard is an objective one, and it does not recognize the concerns of a "hypersensitive or unduly suspicious" person. *U.S. v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).  Just as important, it is a judge's *partiality* that is at issue — that is, his vulnerability to influences beyond the legal proceedings themselves — not his underlying view of the case or the litigants involved.  Judicial rulings are almost never a valid basis for recusal, nor are "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  At best, Mr. Park can show that the Court expressed displeasure with his posture and tactics during an earlier proceeding.  That isn't grounds for recusal.  *Id.* ("*Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . .*").  The motion for recusal is therefore **DENIED**.

Mr. Park's second motion is a "Constitutional Challenge to the court and all its officers."  The motion asserts Mr. Park's innocence of the charges against him (there are none, yet), accuses the Court of being on the state's payroll (it is not), and challenges the

//

---

Draper Avenue rental units to agree to commit to allow me to handle all legal disputes on their behalf regarding pertaining [sic] to any future evictions and if they wished to remain in occupancies they were further required to immediately prepay their rent for six months in advance.  I specifically informed each remaining tenant of the Draper Avenue rental units that committing to this arrangement was essential to protect their rights to occupancy and further advised that they should probably relocate if they were not comfortable or able to commit to this arrangement.").)

jurisdiction of the Court (this case is before the Court because Mr. Park removed it). It is, in other words, a frivolous motion that is heavy on defiance and feather-light on meaningful argument. The Court **DENIES** it as such.

The Court made two findings at the hearing that it reiterates here for emphasis. First, Mr. Park is not a party to 13231 Sundance's unlawful detainer action against Christine Cronin in state court. He attempted to intervene in the underlying state case and his motion was denied. The denial made perfect sense considering Mr. Park retains no ownership or possessory interest in the property that was the subject of the unlawful detainer action. That he believes his inability to intervene was the result of a conspiracy by Judge Cindy Davis to deny him his civil rights is beside the point. It certainly does not entitle him to disregard the state judge's explicit ruling, announce that he's an intervener anyway, and then pose as one before this Court.

Second, Ms. Cronin *never* authorized Mr. Park to act as her legal representative (he is not a lawyer), nor did she authorize him to sign her name on legal documents. The Court credits Ms. Cronin's testimony that she informed Mr. Park of the unlawful detainer action 13231 Sundance served on her, but that is to be expected; he had previously been her landlord, and some of the documents served on her were directed at Park. That is not tantamount, nor does it even come close, to authorizing Mr. Park to act as her lawyer *or* to authorizing him to sign her name on legal documents.

The Court previously warned Mr. Park that he is exposed to monetary sanctions, and that the Court may refer his conduct to the United States Attorney for criminal prosecution. The Court now makes good on those warnings. It awards sanctions to counsel for 13231 Sundance and Ms. Cronin in the amount of **$10,434** for their legal fees in contesting Mr. Park's fraudulent removal of this case from state court. The Court has examined both fee applications and finds the amounts are fair and reasonable. Furthermore, the Court finds there would have been no unnecessary fees incurred but for Park's fraudulent removal of this matter to which he *is not* a party. These sanctions are awarded pursuant to the Court's inherent power to punish abusive litigation practices. *Roadway Express, Inc. v. Piper*, 447

1  U.S. 752, 765–67 (1980).  Mr. Park is **ORDERED** to make payment — **$6,054** to Michael
2  Wright and **$4,380** to Steven Kellman — within 30 days of the date this Order is entered.
3  Failure to do so will subject Mr. Park to further charges of contempt, and an enforcement
4  action.
5        The Court refers this matter to the United States Attorney for consideration of criminal
6  prosecution of Mr. Park under 18 U.S.C. § 1001 and 18 U.S.C. § 401.  The U.S. Marshal is
7  directed to serve a copy of this Order on Mr. Park at his home address: 8011 Prospect Way,
8  La Mesa, California, 91941-6426.

10  **IT IS SO ORDERED**.
11  DATED:  April 28, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

15  cc:     John Owens
             Chief of the Criminal Division
16           United States Attorney's Office
             Southern District of California