# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13231 SUNDANCE LLC,<br><br>                           Plaintiff,<br>vs.<br>CHRISTINE CRONIN and DOES 1-10,<br><br>                          Defendants. | CASE NO. 11cv477-WQH-WMC<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion to Remand Case to State Court ("Motion to Remand") (ECF No. 5).

## BACKGROUND

    On February 10, 2011, Plaintiff 13231 Sundance LLC initiated this action by filing a Complaint for Unlawful Detainer in San Diego County Superior Court, where it was assigned case number 37-2011-00042706-CL-UD-CTL. (ECF No. 1-4 at 4). The Complaint alleges that Plaintiff purchased real property located at 7421 Draper Avenue, La Jolla, California at a non-judicial foreclosure trustee's sale in January 2011. The Complaint alleges that Plaintiff served Defendant Christine Cronin with written notice requiring her to pay rent or vacate the property within three days. The Complaint alleges that Defendant failed to pay rent or vacate the property. The Complaint alleges a single claim for unlawful detainer under California law, seeking possession of the property and "[l]ess than $10,000" in damages. *Id.*

    On March 9, 2011, the action was removed to this Court. (ECF No. 1). The Notice of

1  Removal purportedly was signed by Defendant Christine Cronin and "Sean M. Park,
2  Intervening Defendant Pro Se/In Propria Persona." *Id*. at 22. The Notice of Removal states
3  that removal is based upon 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (actions
4  removable generally), 1443(1) (civil rights cases), and 1446 (procedure for removal). *See id*.
5  at 1.

6  On March 14, 2011, Cronin, through counsel, filed a Declaration stating that her
7  signature on the Notice of Removal "is ... a forgery, and [Cronin] did not authorize Park–or
8  anyone else–to sign [her] name or file the petition." (ECF No. 2 ¶ 6).

9  On March 21, 2011, Plaintiff filed the Motion to Remand and an Ex Parte Application
10 for an Order Shortening Time for Hearing on the Motion to Remand. (ECF Nos. 5, 6).
11 Plaintiff contends that remand is warranted because (1) the Court does not have subject-matter
12 jurisdiction over this action; (2) Cronin did not sign or authorize the filing of the Notice of
13 Removal; and (3) Park did not have standing to file the Notice of Removal.

14 On March 30, 2011, Park filed an opposition to the Motion to Remand. (ECF No. 9).
15 Park contends that the "Complaint must be dismissed and not be remanded back to Superior
16 Court, due to the clear evidence of abuse of discretion by ... judicial officers of San Diego
17 Superior Court...." *Id*. at 10. Park contends that removal was warranted pursuant to 28 U.S.C.
18 § 1443(1), which governs removal of civil rights cases.

19 On April 6, 2011, Park filed a Motion to Dismiss Eviction Action Pursuant to Rule
20 12(b)(6). (ECF No. 11).

## DISCUSSION

22 A defendant may remove a civil action from state court to federal court pursuant to the
23 general removal statute, based on either federal question or diversity jurisdiction. *See* 28
24 U.S.C. § 1441. Federal jurisdiction may not "rest upon an actual or anticipated counterclaim."
25 *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009); *see also id.* at 1273 ("[C]ounterclaims,
26 even if they rely exclusively on federal substantive law, do not qualify a case for federal-court
27 cognizance."). "The removal statute is strictly construed, and any doubt about the right of
28 removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553

F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*.

The Notice of Removal contains a reference to diversity jurisdiction and 28 U.S.C. § 1332. (ECF No. 1 at 1-2). Federal subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "[D]iversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Plaintiff's Complaint seeks less than $10,000, as stated on the face of the Complaint. (ECF No. 1-4). In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 170-71 (1977) ("[I]n a summary proceeding for unlawful detainer 'the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense.' ... Real parties are not left without a remedy. The issues which they seek to litigate can be pursued by way of quiet title actions. Those issues not being cognizable in unlawful detainer, the judgments in the pending matters will not be res judicata as to them.") (quoting *Cheney v. Trauzettel*, 9 Cal. 2d 158, 159 (1937)); *cf*. Cal. Code Civ. Pro. § 86(a)(4) ("The following proceedings are limited civil cases: ... (4) Proceedings in ... unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."). The Court finds that the amount in controversy requirement is not satisfied.

The Complaint alleges that Plaintiff is a California limited liability company and Defendant resides in the subject property in California. (ECF No. 1-4 at 4). The Complaint contains no other allegations related to the citizenship of the parties. The Notice of Removal alleges there is "potential diversity" because, contrary to the allegations of the Complaint, Plaintiff "is a business incorporated in Illinois." (ECF No. 1 at 11). The Court finds that neither the Notice of Removal nor the opposition to the Motion to Remand adequately allege

1  the citizenship of the owners or members of Plaintiff, a limited liability company. *Cf. Johnson*
2  *v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that for the
3  purposes of determining diversity of citizenship, a limited liability company or a partnership
4  "is a citizen of every state of which its owners/members are citizens"). Accordingly, the Court
5  finds that the complete diversity of citizenship requirement has not been established.

6  The Notice of Removal alleges that removal is proper pursuant to 28 U.S.C. § 1443(1).
7  Section 1443 provides that a Defendant may remove from the state court any action "[a]gainst
8  any person who is denied or cannot enforce in the courts of such State a right under any law
9  providing for the equal civil rights of citizens of the United States, or of all persons within the
10 jurisdiction thereof." 28 U.S.C. § 1443(1). Section 1443(1) presents a "specific and extremely
11 narrow" ground for removal. *Davis v. Superior Ct. of Cal.*, 464 F.2d 1272, 1273 (9th Cir.
12 1972). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by
13 the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of*
14 *Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)." *Patel v. Del Taco, Inc.*, 446 F.3d
15 996, 999 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution,
16 rights that are given to them by explicit statutory enactment protecting equal racial civil rights.
17 Second, petitioners must assert that the state courts will not enforce that right, and that
18 allegation must be supported by reference to a state statute or a constitutional provision that
19 purports to command the state courts to ignore the federal rights." *Id*. (quotation omitted).

20 The Court has reviewed the Notice of Removal and the other pro se filings liberally.
21 *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts "have a duty to construe pro
22 se pleadings liberally"). The Notice of Removal cites two statutes which protect equal racial
23 civil rights, 42 U.S.C. §§ 1981 and 1982, *see* ECF No. 1 at 9, but the Notice of Removal fails
24 to adequately allege how these statutes operate as a defense to the unlawful detainer action in
25 this case. The Notice of Removal alleges that "the customs, practices, and policies of
26 Department 5 of the San Diego Superior Court of the State of California" have prevented
27 Defendant and her "landlord Sean M. Park" from "bring[ing] any effective defenses in
28 response to ... [the] Unlawful Detainer action." (ECF No. 1 at 8). These allegations are

insufficient to constitute "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quotation omitted); *cf. California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice."). After review of the Notice of Removal, the Complaint, and the other filings in this case, the Court finds that neither part of the two-part test governing § 1443(1) removals has been satisfied.

The Court concludes that this action must be remanded for lack of subject matter jurisdiction. The Court does not reach Plaintiff's alternate contentions that Cronin did not sign or authorize the filing of the Notice of Removal and Park does not have standing in this action.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand Case to State Court is GRANTED. (ECF No. 5). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject matter jurisdiction to San Diego County Superior Court, where it was originally filed and assigned case number 37-2011-00042706-CL-UD-CTL. The Ex Parte Application for an Order Shortening Time for Hearing on the Motion to Remand is DENIED as moot. (ECF No. 6). The Motion to Dismiss Eviction Action Pursuant to Rule 12(b)(6) is DENIED without prejudice. (ECF No. 11).

DATED: May 2, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge