# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13231 SUNDANCE LLC,<br><br>                Plaintiff,<br>vs.<br><br>CHRISTINE CRONIN,<br><br>                Defendant. | CASE NO. 11cv477-LAB (WVG)<br><br>**ORDER ON MOTION TO STAY ENFORCEMENT OF SANCTIONS** |

      Sean Park asks the Court to stay its April 29, 2011 Order sanctioning him $10,434, pending an appeal of that Order to the Ninth Circuit. His motion is **DENIED**.

      The Court applies two related tests in ruling on a motion for a stay pending appeal. The first requires Mr. Park to show "both a probability of success on the merits and the possibility of irreparable injury." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). The second test requires him to demonstrate "that serious legal questions are raised and that the balance of hardships tips sharply in his favor." *Golden Gate*, 512 F.3d at 1116 (quoting *Lopez*, 713 F.2d at 1435). These two tests "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007).

1 | The Court finds that *the most* Mr. Park can show is that the sanction award is a
2 | substantial sting to his wallet. But that's Mr. Park's fault, and by itself, it is no basis for a
3 | stay. The Court sanctions parties very rarely, and only when it is certain a sanction is
4 | necessary and appropriate. Here, the Court sanctioned Mr. Park after informing him in
5 | writing of the conduct it deemed sanctionable, encouraging him to retain counsel, allowing
6 | him time to prepare to contest the allegations at a hearing, and conducting an evidentiary
7 | hearing during which he was permitted to call and examine witnesses supporting his
8 | position, cross-examine adverse witnesses, and argue against the imposition of sanctions.
9 | The hearing fully respected Mr. Park's right of procedural due process, and the Court
10 | determines there is little probability that an appeal challenging the procedure that was
11 | followed in this case will succeed.

12 | Nor, in the Court's view, is Mr. Park likely to succeed on the merits. The Court found,
13 | and Mr. Park does not contest, that he was *never* an actual party to the underlying unlawful
14 | detainer action. In fact, Mr. Park admits that his motion to intervene in that action was
15 | *denied* by the California Superior Court. Following that denial, Mr. Park created a forged
16 | version of the pleadings into which he inserted his name as a party, forged the signature of
17 | one of the real parties in the case on the removal notice, then fraudulently removed the case
18 | to federal court. Mr. Park's illegal, fraudulent, and unauthorized acts resulted in the needless
19 | expenditure of time and money by the real parties, caused Ms. Cronin (the real party, whose
20 | signature he forged) considerable grief, and needlessly wasted many hours of this Court's
21 | time as it sifted through his phony pleadings. His acts were likely also criminal. *See* 18
22 | U.S.C. § 1001.

23 | Moreover, the real parties to the unlawful detainer case, due to Mr. Park's fraudulent
24 | conduct, are themselves out several thousand dollars in legal fees. The balance of
25 | hardships does not, therefore, tip sharply in Mr. Park's favor. Nor are *any* serious legal
26 | questions raised by the sanction Order. To the extent the public interest must weigh into the
27 | analysis here, the Court finds that Mr. Park's litigation practices easily deserve to be labeled
28 | "vexatious," and the public interest is served by enforcing a sanction that is designed to deter

those practices.

Mr. Park's problem is that he apparently doesn't know when to stop. This case was fraudulently removed from state court (and Judge Hayes' remand order indicates it was groundlessly removed). Rather than assent to an immediate remand, which would have cost him nothing and imposed a minimal burden on the Court and the parties, Mr. Park is now, months later, falsely accusing this Court of having a deep-seated antagonism toward pro se litigants, and of being the subject of a grand jury investigation. He also continues to rage against the mortgage industry, even though his grievances have absolutely nothing to do with the merits of the fraudulent removal he orchestrated in this case, nor the merits of the Court's sanction for that illegal conduct.

The Court will not stay the sanction Order in this case. Mr. Park is now delinquent in paying the required sanction, which was due on May 30, 2011. On the motion of counsel for 13231 Sundance or for Ms. Cronin, Mr. Park is subject to being found in civil contempt, and to all legal consequences that may follow from such a finding.

**IT IS SO ORDERED**.

DATED: June 10, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge